Michael SARNO, Plaintiff,

v.

DOUGLAS ELLIMAN–GIBBONS
& IVES, INC., Defendant.

No. 96 Civ. 8506(RLC).

United States District Court,
S.D. New York.

Aug. 24, 1998.

Brian K. Saltz, Farmingdale, NY (Brian K. Saltz, of counsel), for Plaintiff.

Proskauer Rose LLP, New York City (Bettina B. Plevan, of counsel), Orrick, Herrington & Sutcliffe LLP, New York City (Michael Delikat, Anthony Carabba, Jr., of counsel), for Defendant.

Orrick, Herrington & Sutcliffe LLP, New York City, for defendant, Michael Delikat, Anthony Carabba, Jr., of counsel.

## *OPINION*

CARTER, Senior District Judge.

This is an action arising from defendant's termination of plaintiff's employment, allegedly in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 et seq. Plaintiff and defendant have submitted cross-motions for summary judgement.

## I. Introduction

Plaintiff Michael Sarno is suing defendant Douglas Elliman–Gibbons & Ives ("DEGI"), a real estate brokerage company, for allegedly violating the ADA by refusing to accommodate plaintiff's alleged disability, terminating plaintiff's employment, and retaliating against and refusing to rehire plaintiff. Plaintiff also alleges that defendant failed to notify plaintiff of his rights and obligations concerning unpaid medical leave in violation of the FMLA.

Now before the court are defendant's and plaintiff's cross-motions for summary judgment pursuant to Rule 56, F.R.Civ.P. Defendant argues that plaintiff cannot establish a prima facie case of discrimination under the ADA because plaintiff is not "disabled" within the meaning of the ADA. Defendant also argues that plaintiff was properly informed of his rights under the FMLA. Plaintiff disputes defendant's arguments and asserts that he is entitled to judgment as a matter of law. For reasons detailed below, defendant's motion is granted and plaintiff's motion is denied.

## II. Background

Defendant hired plaintiff as a payroll administrator on or about April 18, 1994. (Cmplt. at 3). His duties included processing the payroll, separating paychecks, entering data into spread sheets, and processing workers' compensation and disability claims. (Id.) Most of plaintiff's work was accomplished in front of a computer or over the telephone. (Id.)

Plaintiff's physical ailments began on April 21, 1993, when he suffered a hernia after undergoing a gall bladder operation. (Id.) On January 18, 1995, plaintiff had an incision hernia operation which restricted his ability to lift heavy objects, impaired his breathing, and left a permanent scar on his stomach. (Id.)

Plaintiff exacerbated his injury when he slipped and fell at work on March 31,

1995.(Id.) Plaintiff claims that his fall resulted in increased pain which further restricted his ability to lift anything other than light objects. (Id.) A CAT scan conducted on May 4, 1995, revealed that the plaintiff had a sprained rectus muscle.[1] Due to pain from the sprained muscle, plaintiff took a leave of absence from work beginning on May 9, 1998.(Id.) On May 12, 1995, Joyce Sponholz, DEGI's human resources director, stated in a letter to plaintiff that his leave would be unpaid and governed by the FMLA. (See Joyce Sponholz letter, dated May 12, 1995).

On August 3, 1995, plaintiff spoke with Sponholz and informed her that he could not return to work immediately.[2] Defendant terminated plaintiff's employment on August 4, 1995, twelve weeks after plaintiff first went on unpaid leave. (Cmplt. at 4). Plaintiff, through his attorney, subsequently requested re-employment from defendant on several occasions to no avail. (Id.) Plaintiff applied for other jobs and was advised by one such potential employer, Anthony Concrete Supply ("Anthony Concrete"), that they seriously were considering him for a position pending receipt of a positive reference from his prior employer. (Id. at 4, 5). Defendant did not provide a reference and plaintiff was not offered the position at Anthony Concrete. (Id.)

## III. Determination

Rule 56(c), F.R.Civ.P., provides that summary judgement is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. The moving party carries the initial burden of showing the absence of evidence to support the non-moving party's claim, *Pressman v. Estate of Steinvorth*, 860 F.Supp. 171, 176 (S.D.N.Y.1994) (Carter, J.). The burden then shifts to the non-moving party to "set

---

1. The rectus muscle is an external abdominal muscle that runs from the pubic bone to the rib cage.

2. Plaintiff alleges that he told Sponholz that he would be able to return to work on October 2,

1995 (Sarno Aff. ¶ 15), while Sponholz alleges that plaintiff stated that he did not know when he could return to work. (Sponholz Dep. at 33–34). This conflict need not be resolved for purposes of this motion.

forth specific facts showing that there is a genuine issue for trial." Rule 56(e), F.R.Civ.P. While the court is to draw all reasonable inferences in support of the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the court should not be reluctant to grant summary judgment in cases where an element essential to prove the non-moving party's case is factually unsupported in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## A. Plaintiff's ADA Claims

In the instant case, plaintiff brings his first three claims under the ADA which, *inter alia*, prohibits employment discrimination against individuals with disabilities.[3] When analyzing the order and allocation of proof in discrimination claims under the ADA, courts apply the three step burden shifting framework articulated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 722 (2d Cir.1994), *cert. denied*, 513 U.S. 1147, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995).

■ Thus, Sarno carries the initial burden of establishing a prima facie case of discrimination. *See Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869 (2d Cir.1998). Specifically, plaintiff must show that: 1) his employer is subject to the ADA; 2) he suffers from a disability within the meaning of the ADA; 3) he could perform the essential functions of his job with or without reasonable accommodation; and 4) he was fired because of his disability. *Id.* For purposes of this motion, defendant does not dispute that it is subject to the ADA. Therefore, the threshold determination that this court must make is whether plaintiff is disabled within the meaning of the ADA. *Id.*

Under the ADA, an individual is disabled if: 1) he has a physical or mental impairment

that substantially limits one or more of the major life activities; 2) he has a record of such impairment; or 3) he is regarded as having such an impairment. *See* 29 C.F.R. § 1630.2(g). An impairment substantially limits one of the major life activities if it restricts "the condition, manner or duration" under which an individual can perform the activity "as compared to ... the average person in the general population." 29 C.F.R. § 1630.2(j). Defendant does not dispute that plaintiff's hernia resulted in some degree of physical impairment; however, defendant argues that plaintiff's impairment does not substantially limit at least one major life activity.

In evaluating the limitations imposed by a physical impairment, the court should consider: "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Id.* In terms of plaintiff's ability to work, courts may also consider whether an individual is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Id.*

■ Plaintiff avers that he is disabled because "his ability to lift and to breathe is permanently limited." (Pl.'s Mem. of Law in Opp. at 4). While breathing is listed as a major life activity under 29 C.F.R. § 1630.2(i), plaintiff merely asserts that he has "occasional trouble breathing" without providing any explanation as to how this trouble has restricted his daily activity. (Sarno Aff. ¶ 8). In the face of this dearth of evidence, the court cannot recognize plaintiff's occasional breathing difficulties as a disability. *See Heilweil*, 32 F.3d at 723–4 (holding that periodic respiratory difficulties did not significantly affect the major life activity of working); *Ryan*, 135 F.3d at 870 (courts must distinguish between impairments which merely affect major life activi-

---

**3.** The ADA provides in pertinent part: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or dis-

charge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

ties from those that substantially limit those activities).

■ Plaintiff's limited ability to lift heavy objects also does not rise to the level of a permanent and significant disability. Prior to his fall at the worksite, plaintiff testified that he did not experience pain from his hernia incision and was able to lift objects around his worksite. (Sarno Dep. at 32, 185). After his fall, plaintiff's CAT scan revealed that he had a sprained muscle, an injury that his doctor reported would heal in six to eight months. (Id. at 82). Such a short-term impairment does not constitute a disability. *See McDonald v. Com. of Pa. Dept. of Public Welfare,* 62 F.3d 92, 96 (3rd Cir.1995) (holding that the ADA does not apply to transient, nonpermanent conditions).

Furthermore, even if plaintiff's impairment was permanent, plaintiff has not demonstrated how it has significantly restricted his ability to work in a "class of jobs or a broad range of jobs in various classes" in accordance with 29 C.F.R. § 1630.2(j). Indeed, plaintiff has not shown even how his prior job performance at DEGI was significantly curtailed by his impairment. Therefore, considering that plaintiff has not demonstrated that his inability to lift certain objects severely impairs his work performance or that this impairment is of a long duration, the court does not find plaintiff's impaired lifting ability to be a disability under the ADA.

Even though plaintiff failed to demonstrate that his impairment substantially limits a major life activity, he could still be considered disabled under the ADA if he could show a record of such an impairment or that he was regarded as having such an impairment. *See* 42 U.S.C. § 12102(2)(C). However, plaintiff makes no attempt to do so and the record does not support such findings. Plaintiff's proffered medical records do not indicate that he possesses any ailments that would substantially limit his ability to work and plaintiff has not produced any other documentation of an impairment that significantly restricts a "major life activity." Likewise, while plaintiff argues that his co-workers aided him in lifting heavy objects to his desk (Sarno Aff. ¶ 9), plaintiff fails to show that "[defendant] perceived his impairment as substantially limiting the exercise of a major life activity," a perception which might have provided a motive for defendant's alleged discrimination. *See Reeves v. Johnson Controls World Services, Inc.,* 140 F.3d 144, 153 (2d Cir.1998) (mere fact that employer is aware of employee's impairment is insufficient to demonstrate either that employer regarded employee as disabled or that the perception caused adverse employment action).

In sum, plaintiff has failed to show the he is disabled under ADA, whether through status, record, or recognition. Accordingly, plaintiff's ADA claims are rejected.

*B. Plaintiff's FMLA Claim*

Under the FMLA, an employer must provide an employee with twelve weeks of unpaid leave when a serious health condition renders the employee unable to perform his job functions. *See* 29 U.S.C. § 2612(a)(1)(d). The employer is obligated to "post and keep posted, in conspicuous places on the premises of the employer where notices to employees and applicants for employment are customarily posted, a notice, ..., setting forth excerpts from, or summaries of, the pertinent provisions of [the FMLA]." 29 U.S.C. § 2618. Furthermore, 29 U.S.C. § 2615 prohibits, *inter alia,* an employer from interfering with, restraining, or denying the exercise of or attempt to exercise an employee's rights under the FMLA. An employer guilty of such interference is liable to the employee for monetary damages and equitable relief pursuant to 29 U.S.C. § 2617(a).

In the instant suit, plaintiff alleges that defendant violated the FMLA when it terminated him without previously notifying him that he was permitted only twelve weeks of leave. (Cmplt. at 7). Plaintiff and defendant present conflicting evidence on this point. Janet Hartley, a senior vice president and director of administration at DEGI, swore in her affidavit that she observed a notice detailing an employee's rights under the FMLA entitled, "Your Rights Under the Family and Medical Leave Act of 1993," posted on a bulletin board in the mailroom at DEGI. (Hartley Aff. ¶ 7). Hartley also avers that

she observed a copy of the same poster on a bulletin board in the hallway leading to plaintiff's office. (Id. at ¶ 9). Plaintiff denies seeing any posters describing the FMLA or receiving any information concerning its provisions. Neither party disputes, however, that plaintiff received a letter from defendant informing him that his leave commencing May 9, 1995, was granted under the FMLA. No further information regarding the FMLA was provided in defendant's letter.

■ There is no dispute that plaintiff enjoyed the full benefits conveyed by the FMLA, namely, remaining on unpaid leave and enjoying insurance coverage for twelve weeks. Thus, even if defendant failed to provide proper information to plaintiff as to what his rights were under the FMLA, defendant did not interfere with those rights and is not subject to the penalty of liquidated damages sought by plaintiff pursuant to 29 U.S.C. § 2617. *See Lacoparra v. Pergament Home Centers, Inc.*, 982 F.Supp. 213 (S.D.N.Y.1997) (Conner, J.) (an employer's failure to provide adequate notice of FMLA procedures does not constitute a violation of FMLA if employee still receives the FMLA's intended benefits). Since plaintiff received the benefits of the FMLA and is not entitled to damages even in the face of inadequate notice, plaintiff's fourth cause of action alleging FMLA violations is rejected.

## IV. Conclusion

In sum, plaintiff has not presented a sufficient showing that he is disabled under the law and, therefore, has not established a *prima facie* case for an ADA violation. Likewise, plaintiff has not demonstrated any harm that merits recompense on behalf of defendant pursuant to the FMLA. Accordingly, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

**IT IS SO ORDERED.**